UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mary Estrada,

    **Plaintiff,**

v.

**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:18-cv-960

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

On July 18, 2019, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending that the Court overrule Mary Estrada's ("Plaintiff") Statement of Errors and affirm the decision of the Commissioner of Social Security ("Commissioner"). R&R, ECF No. 12. Plaintiff timely objected. Obj., ECF No. 13.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The undersigned has reviewed *de novo* the record in this case, the Magistrate Judge's R&R, and Plaintiff's objection and concludes that the decision of the Administrative Law Judge

("ALJ") applied the correct legal standard and is supported by substantial evidence. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

Plaintiff objects that the Magistrate Judge erred in affirming the ALJ's decision to give greater weight to the opinion of a non-examining physician who testified at her hearing than the opinions of her examining physicians and the state agency reviewers. The ALJ gave the non-examining expert's opinion greater weight because the expert (unlike Plaintiff's examining physicians and the state agency reviewers) had access to the entirety of Plaintiff's medical records and was cross-examined by Plaintiff's attorney. It was not erroneous for the ALJ to do so.

"Like the opinions of other medical sources, a medical expert's opinion may constitute substantial evidence when supported by other medical evidence of record." *Compton v. Astrue*, No. 1:11-CV-626, 2012 WL 4473155, at *8 (S.D. Ohio Sept. 26, 2012), *report and recommendation adopted sub nom. Compton v. Comm'r of Soc. Sec.*, No. 1:11-CV-626, 2012 WL 5288003 (S.D. Ohio Oct. 25, 2012). Particularly where—as here—the medical expert has access to the claimant's entire record and is able to observe the claimant at the hearing, it may be appropriate for the ALJ to accept the expert's opinion over that of a treating physician or state agency reviewer. *See id.*; *Werner v. Comm'r of Soc. Sec.*, No. 1:12-CV-143, 2013 WL 1137502, at *6 (N.D. Ohio Mar. 18, 2013).

The record here supports the medical expert's opinion. The Magistrate Judge's R&R goes through that record evidence in detail, and it will not be

repeated here. Plaintiff asserts that the Magistrate Judge provided post hoc rationalizations for the ALJ's decision by relying on record evidence that was not explicitly cited by the ALJ. But while the Court may not reweigh the evidence or decide questions of credibility, "it may [nonetheless] examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision." *Werner v. Comm'r of Soc. Sec.*, No. 1:12-CV-143, 2013 WL 1137502, at *4 (N.D. Ohio Mar. 18, 2013) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir.1989)). Because the record supports the medical expert's opinion, it was not erroneous for the ALJ to give that opinion greater weight than the opinions of Plaintiff's treating physicians or the state agency reviewers.

Accordingly, Plaintiff's objection is **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**